# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1899.

---

BYRD *et al.* *v.* ASPINWALL *et al.*

108    1
113    998

1. The preference given by section 3618 of the Civil Code is confined to deeds made upon a valuable consideration. Hence such a deed, though not recorded until after the record of a subsequent voluntary deed by the same grantor, does not lose priority over such voluntary deed.
2. Under the ruling above announced, the verdict was demanded by law and the evidence, irrespective of the errors alleged to have been committed, and it was error to grant a new trial.

Argued May 17, — Decided June 14, 1899.

Complaint for land. Before Judge Smith. Pierce superior court. September 3, 1898.

*A. E. Cochran* and *Hitch & Myers*, for plaintiffs.

*Brantley & Bennet*, *S. M. Sturgis*, and *Estes & Walker*, for defendants.

SIMMONS, C. J. Byrd et al. brought suit against Aspinwall et al., for a certain tract of land. The plaintiffs relied upon a certain deed from the father of the defendants, purporting to have been made upon a valuable consideration, but not recorded until some time after its execution. The defendants filed an affidavit of forgery to this deed, and claimed title to the land under a deed of gift to them from their father. On the trial the plaintiffs introduced the two attesting witnesses to

1

their deed, one of them a justice of the peace; and they both testified positively to the execution of the deed to the plaintiffs by the father of the defendants.   No evidence whatever was offered to support the affidavit of forgery, except certain sayings of the grantor, and an affidavit made by him to the effect that he had never made such a deed.   These sayings and the affidavit were properly rejected by the trial judge.   They were hearsay, and not within any of the exceptions under which certain classes of such evidence are admissible.   They were declarations of a privy in estate, not against his interest, made after the title had passed out of him, and were not admissible against the parties holding under him.   Civil Code, § 5193, and cases cited.   When the plaintiffs had closed their case, a motion for nonsuit was made by the defendants, and was denied by the trial judge.   This ruling was, we think, proper; but even if it were not so, the subsequent evidence introduced by the defendants supplied any defects which may before have existed in the case made out by the evidence of the plaintiffs.   The defendants relied upon an instrument from their father, which they termed a deed, made by him without other consideration than natural love and affection, subsequent as to time of execution to the deed under which plaintiffs claimed, but recorded before this latter deed was filed for record.   The jury found for the plaintiffs.   A motion for a new trial was made by the defendants, and was granted by the trial judge.

1. In this case, the plaintiffs claimed title to the land in dispute under the older deed, while the defendants claimed under the deed which, though junior in date, had been first filed for record.   Had both been deeds of bargain and sale, the older deed would, under section 3618 of the Civil Code, have lost its priority over the later deed, by reason of the fact that the latter had been first recorded.   But we think that the defendants were not entitled to the protection of this section of the code. It was designed to protect only deeds made upon a valuable consideration.   Treating as a deed the anomalous instrument under which the defendants claimed, thus giving it the effect for which they contended, they are still holding under a voluntary conveyance junior in date to the deed of the plaintiffs

and not protected by the provisions of the code in regard to registration.    In the case of *Toole* v. *Toole*, 107 *Ga.* 472, it was held that "a voluntary deed, though duly recorded and taken without notice of a prior voluntary deed executed by the same grantor and not recorded, does not give to the second grantee a priority over the first." The present case is controlled by this, and is even stronger, as here the second deed only is voluntary, the first being based upon a valuable consideration. It is, therefore, unnecessary to discuss this question further than by reference to *Toole* v. *Toole*, supra.

2. The principle announced in the first headnote is really controlling in this case. The motion for new trial, besides setting out as error the exclusion of the hearsay evidence referred to in the first part of this opinion, complained of the admission and rejection of certain other evidence and of certain charges of the court; but, had the rulings as to this other evidence been as invoked by the defendants, the ruling made in the first headnote would still have controlled, and a verdict for the plaintiffs been required; and under these circumstances, errors in the charge of the court could not affect the result. It follows that, irrespective of the errors alleged to have been committed, the verdict for the plaintiffs was demanded by the law and the evidence, and it was error to grant a new trial.

*Judgment reversed. All the Justices concurring.*