## DEEN *v.* WILLIAMS.

128    265|
128    829|

1. The fact that the defendant in ejectment claims under the plaintiff's grantor is equivalent to an admission of title in the grantor, and dispenses with further proof of title in him.

2. Where the plaintiff has a valid deed, based upon a valuable consideration, though not recorded, his title. thereunder is superior to the right of a grantee from the same grantor in a subsequent deed which is not based upon a valuable consideration, though recorded in the time allowed by law.

3. A contract to suppress a criminal prosecution, for a consideration personal to the prosecutor, is immoral and contrary to public policy. Where a deed to land is executed to the prosecutor for the purpose only of suppressing a criminal prosecution, the prosecutor, being himself at fault, can not, on the strength of such deed alone, invoke the aid of an equitable estoppel against another, not a party to the deed, and in whom the legal title was vested at the time of the execution of the deed, in order to prevent such true owner from asserting his title.

4. Where one takes a deed under circumstances enumerated in the 3d headnote, and there is no surrender of possession by the true owner, the fact that such owner participated in the negotiations which led to the execution of the deed to the prosecutor, and may have deceived the prosecutor by leading him to believe that his grantor still had legal title to the property to be conveyed, will not authorize such prosecutor either to evict the true owner, or, after eviction, sustain a defense against the assertion of the legal title by the true owner, under the principle "in pari delicto melior est conditio possidentis." The case of *Beard* v. *White,* 120 *Ga.* 1018, distinguished.

5. In view of the rulings made in this case, it is not necessary to deal with the assignments of error which complain of the admission of evidence.

6. Upon the point that the plaintiff's deed did not embrace the land in dispute, and upon all of the questions at issue, the evidence, considered in connection with the admissions made in the pleadings, was of such character as to make it erroneous for the trial judge to direct a verdict in favor of the defendant.

Argued February 19,—Decided May 15, 1907.

Ejectment.  Before Judge Parker.  Appling superior court. March 5, 1906.

*W. W. Bennett,* for plaintiff.  *Thomas & Parker,* for defendant.

ATKINSON, J.   1. The defendant does not claim under any one except the plaintiff's grantor.   Such claim is equivalent to an admission that the plaintiff's grantor had title to the property, and it was unnecessary for the plaintiff in ejectment to make further proof of title in his grantor.   See, in this connection, Civil Code, §5004; *Greenfield* v. *McIntyre,* 112 *Ga.* 691; *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172.

2. There was evidence tending to show, that the plaintiff had a valid deed to the premises in dispute from the common grantor, based upon a valuable consideration and of older date than the defendant's deed; that the plaintiff's deed was not recorded within the time prescribed by law, nor until after the defendant's deed was executed and recorded; that the defendant's deed was recorded within the time allowed by law; and that the deed to the defendant was not executed upon a valuable consideration.   If this be true, the plaintiff's title from the common grantor, being the older, is superior to any right which the defendant could have acquired by virtue of his deed.   The plaintiff's deed was good as a conveyance of title, and a failure to record within the time allowed by law would not postpone the plaintiff's right to that of the defendant, a subsequent grantee from the same grantor.   Civil Code, §§2778, 3618, are to be construed together, and do not apply in a contest between deeds, unless the junior grantee be a bona fide purchaser for value.

3. The record further discloses that the only purpose for which the defendant's deed was executed was to accomplish the suppression of the prosecution of two criminal indictments then pending against the common grantor.   In one of the criminal cases the common grantor was charged with the offense of assault and battery, and in the other with the offense of using obscene language in the presence of a female, both being misdemeanors.   The assault was not made upon the person of the prosecutor, or upon his wife, or his child, or his ward, or his servant; nor was the obscene language charged to have been used in the presence of any one bearing any of those relations to the prosecutor.   The plaintiff participated in the negotiations which led to the execution of the junior deed, and was present at the execution thereof, and did not disclose to the prosecutor in the criminal case (the defendant in the case now under consideration) the existence of his alleged older

deed. Under the facts just recited, it is insisted that the plaintiff is estopped from asserting his legal title. This contention is not well founded. There was no element of settlement of a civil liability, as for a tort, involved in the transaction, because no tort had been committed which gave the prosecutor a right of action. The only possible thing in contemplation of the parties was the settlement of the criminal offense. The crime was no offense against the prosecutor. Whatever wrong had been committed had been against the State. By statute the judges of the courts, in their discretion, may allow criminal cases of this character settled. Penal Code, §956. But this settlement relates only to a termination of the criminal proceedings, and is not authority for collateral contracts affecting private rights of property between the parties.

In *Jones* v. *Dannenberg Co.*, 112 *Ga.* 426, the record failed to disclose the nature of the offense charged, whether it was a felony or a misdemeanor, or whether it involved moral turpitude. In the absence of a specific allegation of the character of the offense, the court, in the progress of the opinion, reasoned the case out upon the assumption that the offense charged was a misdemeanor, and held that "it is both an illegal and an immoral act to make an agreement for a consideration to suppress the prosecution of a criminal offense, whether the offense be of the grade of felony or misdemeanor." It is the policy of the law to punish all crime according to prescribed method. The public interest would not be subserved by allowing individuals to speculate or barter in the matter of enforcing the penal laws. The office of the prosecutor in a criminal case is of a public nature. It is one which, for the good of society, he volunteers to assume. After having assumed its duties, he ought not to abandon them for a consideration. His public duties constitute a trust and can not be diverted to his private gain. If he attempts it, the law will not lend its countenance. The estoppel insisted upon in this case is equitable in its nature. It is a familiar rule that before one can invoke the aid of equity he must come with clean hands. The defendant being a party to the agreement to suppress the criminal prosecution, which, for the reasons already indicated, is immoral and contrary to public policy, it can not be said that he came into court with clean hands; and there being no other consideration upon which the deed was

executed, he is not in a position to invoke an equitable estoppel against the assertion of the legal title by the holder thereof.

4. It is insisted, however, that, if the transaction is corrupt on account of the agreement to suppress the criminal prosecution, the plaintiff, having participated in the negotiations leading to the execution of the defendant's deed, was as much at fault as the defendant; and that, the transaction being executed by the execution of the deed from the common grantor to the defendant, the law, under the well-recognized principle, in pari delicto melior est conditio possidentis, will not lend its aid to either party. In support of this proposition the case of *Beard* v. *White,* 120 *Ga.* 1018, is cited. Speaking for myself, I am not satisfied with the application of the principle referred to as made in the case cited, but, as will be seen, the facts of the case under consideration are so different from those involved in the case of *Beard* v. *White* that it is unnecessary for the court as a whole to go into a consideration of the reasons which cause me to doubt the correctness of that application. The plaintiff may be as much at fault as the defendant, but, in view of all that occurred, the fact that the plaintiff participated in the settlement of the prosecution will be of no comfort to the defendant. This for the reason that the plaintiff depends, not upon the illegal transaction, but only upon his previously-acquired legal title and possession, neither of which ever passed to the defendant. It will be observed that it was not the plaintiff who executed the deed to the defendant; nor, if the plaintiff's evidence be true, did any one having the legal title at the time of its execution execute the deed to the defendant. The common grantor did not have title at the time he attempted to convey. In this important respect the facts in this case differ from the facts of *Beard* v. *White,* supra. It will also be observed that possession was not yielded to the defendant in consummation of the illegal agreement. The defendant thought he was getting something, but was mistaken. He did not get legal title, equitable title, or possession. The net result of the entire transaction as it occurred was to leave the defendant completely out of doors, without any right of any kind to enforce. Not having a right, the defendant was not in a position to evict the plaintiff, and for the same reason, after having illegally evicted the plaintiff, the defendant could not defend against the assertion of the legal title by the plaintiff.

5. In view of what has been said, we do not deem it necessary to deal with the assignments of error upon the rulings of the court on the admission of evidence.

6. There was a contention that the plaintiff's deed did not embrace the land in dispute, but the pleadings and evidence upon that point were sufficient to render it erroneous to direct a verdict against the plaintiff. The evidence taken as a whole, considered in the light of the rulings herein made, was of such character as to render the direction of a verdict in favor of the defendant erroneous.                *Judgment reversed.    All the Justices concur.*