### 2455.   BAILEY *v*. DUNAWAY.

RUSSELL, J.   1. A landlord is not liable for damages resulting from the creation or maintenance of a nuisance by his tenant. But if the nuisance was upon the premises when the lease was made, and the landlord knew it, he would be liable to any one damaged by the nuisance, and could not relieve himself from liability merely because his tenant, as one of the conditions of the contract of rental, agreed and undertook to make such repairs as would abate the pre-existing nuisance. It is the duty of the landlord to keep his premises, even though they be occupied by tenants, in such repair as not to create a nuisance, and he is not relieved from this duty by selecting a tenant as his agent to make repairs, unless the necessary repairs are in fact made.

2. A cow of the plaintiff was killed by falling into an open well on premises belonging to the defendant, which had been rented for farming purposes. The landlord had known the character of the well for several years before he rented the land to the tenant, and he rented it upon the condition that the tenant would fence the premises. The fence erected by the tenant was not a lawful fence, and the landlord knew this. These facts are undisputed. Necessarily the tenant was the agent of the landlord to make the repairs; and if in this case liability attached to any one, the landlord would not be relieved from liability because his agent failed to build a lawful fence or to properly enclose the well, when necessary, to prevent injury to the plaintiff's cow, provided the jury found that the well was a nuisance which should have been abated. If so, the liability depending upon a failure to provide against any danger reasonably to be anticipated from the well would rest upon the landlord. However, the question as to whether the well, situated and environed as it was, was such a nuisance as that the defendant was reasonably required to anticipate the consequences, raised an issue of fact only, and the evidence authorized the verdict rendered. Hence, it was not error to overrule the certiorari.

3. It can not be held as a matter of law that any particular conduct of the landlord constituted negligence, nor can it as a matter of law be determined that a nuisance alleged was the result of the particular negligence specified. These are questions of fact.

*Judgment affirmed.*

DECIDED FEBRUARY 7, 1911.

Certiorari; from Floyd superior court—Judge Maddox. January 14, 1910.

*Sharp & Sharp,* for plaintiff.

*James F. Kelly, M. B. Eubanks, W. B. Mebane,* for defendant.