### 3445.　PETERSON *v.* STALVEY.

RUSSELL, J. The petition of the plaintiff in the court below alleged that one Joe Teaser was the tenant of the defendant. If this statement had been proved by any evidence, the verdict would have been supported as to this point, because the duty devolved upon the landlord to keep his premises in such condition as would protect the safety of his tenants and of live stock being used by them. However, the evidence, both for plaintiff and defendant, established, without contradiction, that Joe Teaser was not a tenant of the defendant, but a trespasser, attempting to occupy the premises of the landlord without his permission or knowledge; and, under the facts appearing in the record, no duty with reference to the safety of Joe Teaser or of the horses he was driving devolved upon the landlord, other than that of not wilfully and wantonly injuring them. Moreover, the fright of the horses appears to have been the proximate cause of the injury, and this is not traceable to the presence of the open well. For these reasons the verdict was unsupported by the evidence, and a new trial should have been granted. The facts of the present case distinguish it from *Bailey* v. *Dunaway,* 8 *Ga. App.* 713.

*Judgment reversed. Pottle, J., not presiding.*

DECIDED JANUARY 30, 1912.

Action for damages; from city court of Douglas—Judge McDonald. April 8, 1911.

Stalvey sued Peterson for damages on account of injuries to a pair of horses and a buggy, caused by their falling into an unprotected well on land owned by the defendant, on becoming frightened and breaking loose while being driven to a house on the land by Joe Teaser, to whom the plaintiff had hired them, and who, it was alleged, was a tenant of the premises. The defendant, in his answer, denied that Joe Teaser was his tenant, and denied that the condition of the well was the proximate cause of the injury. The trial resulted in a verdict against the defendant, and he moved for a new trial, alleging that the verdict was without evidence to support it. The motion was overruled and he excepted.

*F. Willis Dart,* for plaintiff in error, cited: *Garner* v. *Town of East Point,* 7 *Ga. App.* 630, and cases cited therein.

*O'Steen & Wallace,* contra, cited: *City of Atlanta* v. *Wilson,* 59 Ga. 544; *City Council of Augusta* v. *Hudson,* 94 Ga. 135.