## COOPER *v.* BACON.

1. It is not essential in this State, in order to convey title to land to secure a debt as between the maker and the grantee, that the deed should be recorded. As between the maker of the security deed and the grantee, the latter would get a good title.

2. Where the owner of real estate executes a deed to the land, and the grantee fails to record the deed, and subsequently the maker executes two other deeds to secure debts to two other persons to the same land, which are duly recorded, and the grantee in the unrecorded deed has the land sold at sheriff's sale under a judgment declaring a special lien

thereon, and after reconveyance for the purpose of levy and sale, and the grantee in one of the recorded deeds is the purchaser at the sale and enters into possession of the land, and subsequently sells it to one who contracts to sell it to a third person, who declines to pay the agreed purchase-price on the ground that the vendor has not the legal title, and the vendor brings an equitable petition against the purchaser in order to compel specific performance of the contract, and on the trial shows that one of the two deeds which was recorded was paid off by the plaintiff and duly canceled and that the other is held by the purchaser at the sheriff's sale, who conveyed to the plaintiff, it is not error for the trial judge, to whom the case is submitted on an agreed statement of facts, to find for the plaintiff and to enter a decree compelling specific performance of the contract.

JANUARY 18, 1915.

Specific performance. Before Judge Sheppard. Chatham superior court. December 8, 1913.

*F. P. McIntire* and *C. N. Fiedelson,* for plaintiff in error.

. *Anderson, Cann & Cann,* contra.

HILL, J. The plaintiff in the court below entered into a contract with the defendant for the sale of certain real estate in the city of Savannah for the sum of $4,000. The defendant refused to consummate the sale, on the ground that the plaintiff did not have a good title to the land, for the.alleged reason that the plaintiff had derived his title through a deed from one Horace Rivers, who purchased the property at a sheriff's sale under a judgment declaring a special lien thereon, rendered in the city court of Savannah in a suit based on an unrecorded deed to secure a debt; and that at that time there were in force two recorded deeds to secure debts, one given to the Chatham Real Estate and Improvement Company, and the other to Horace Rivers, the purchaser at the sheriff's sale. On failure of the defendant to comply with the terms of the contract of sale, the plaintiff brought an equitable action against the defendant to compel specific performance of the contract. The case was submitted to Judge Sheppard for decision upon the following agreed statement of facts:

"Henry H. Hull, on September 24th, 1896, executed to Lucy G. Hull a deed to the property described in the petition, to secure a debt of $3,060.00. This deed was not recorded. On January 17th, 1903, Henry H. Hull executed and delivered to the Chatham Real Estate and Improvement Company his deed covering said property, to secure a debt for $1,500.00, without making any reference therein to the then unrecorded deed to Lucy G. Hull. The

deed to secure debt to the Chatham Real Estate and Improvement Company was filed for record in the proper office on the day of its execution, and was recorded January 26th, 1903. On June 24th, 1903, Henry H. Hull executed and delivered to Horace Rivers his deed covering said property, to secure a debt, without making any reference therein to the then unrecorded deed to Lucy G. Hull; conveying all his right, title, and interest in said property under the bond to reconvey, given him by the Chatham Real Estate and Improvement Company at the time he executed and delivered to it the security deed referred to above, dated January 17th, 1903; said security deed to Horace Rivers being duly recorded on July 9th, 1903, and never canceled off the record. Cornelia A. Hull, as executrix of Lucy G. Hull, on October 10th, 1905, filed her suit against George H. Richter as administrator of Henry H. Hull, deceased, alleging and setting forth the deed to secure debt given by the defendant's intestate to the plaintiff's testator, and an indebtedness thereon of $3,060.00, besides interest from September 24th, 1896, at 7% per annum, and prayed a judgment for the amount of the indebtedness, and that said judgment be enforced specifically and particularly out of the real estate described in said deed to secure debt from Henry H. Hull to Lucy G. Hull, in accordance with the provisions of section 2771 of the Code of Georgia of 1895 and the acts amendatory thereof. An answer was filed by the defendant, admitting the allegations of the petition, and on December 6th, 1905, judgment was rendered in favor of the plaintiff, Cornelia A. Hull as executrix of Lucy G. Hull, against the defendant, de bonis testatoris, as administrator of the estate of Henry H. Hull, for $3,060.00 principal, $1,968.88 interest, and $17.50 costs, said judgment providing that it should be a special lien upon and enforceable out of the property of the estate of Henry H. Hull, described in said petition, i. e., the property covered by the security deed from Henry H. Hull to Lucy G. Hull. The judgment described the property, among which parcels are the lots referred to in the petition of Bacon *v.* Cooper. Upon that judgment execution was duly issued. The executrix of Lucy G. Hull made a conveyance to the administrator of Henry H. Hull for the purpose of levying, which conveyance was duly recorded, after which levy of the execution was made, and, after legal advertisement and otherwise complying with law, the sheriff sold the property at public

outcry between the legal hours of sale on the first Tuesday in July, 1906, to Horace Rivers, he being the highest and best bidder. In the deed to Horace Rivers, said sheriff, among others usual in sheriff's deeds, made this recital, to wit: 'Whereas said lots of land were sold expressly subject to two certain agreements or deeds to secure debt, to wit, a deed to secure a debt to the Chatham Real Estate & Improvement Company and a certain deed to secure debt to said Horace Rivers,' etc. Neither the judgment nor the execution under which the sale was made in any way referred to the deed to secure debt to the Chatham Real Estate and Improvement Company and to Horace Rivers. On March 8th, 1907, Horace Rivers paid the debt due the Chatham Real Estate and Improvement Company, which marked its security deed canceled and satisfied and had said cancellation properly recorded on the face of the record of the deed. Horace Rivers subsequently sold the property set forth in the plaintiff's petition to Hal H. Bacon, and Hal H. Bacon and R. L. Cooper on February 1st, 1913, entered into a contract under the terms of which Bacon agreed to sell and Cooper agreed to buy the property described in the petition for the sum of $4,000.00, taxes to be prorated as of the date of the delivery of the deed, and the buyer to have thirty days within which to examine the title and close the purchase, the title to said property to be a good title. Cooper notified Bacon, before the expiration of the thirty days, that he would not accept the title and pay for the property, for the reasons stated in defendant's answer to the suit. On this being done Bacon tendered a warranty deed to Cooper, covering the property described in plaintiff's petition, and demanded from Cooper that he comply with his contract. Cooper continued to decline, and Bacon filed this suit. Horace Rivers entered into possession of said property under said sheriff's deed, and he, and after him Hal H. Bacon, his grantee, have been in possession ever since. The back title to the property is good; and the only defect claimed by Cooper to render Bacon unable to convey good title is that set forth in the defendant's answer."

Under these facts Judge Sheppard held that the plaintiff had a good legal title to the property in controversy and could convey it to the defendant, and was entitled to the specific performance prayed for; and decreed accordingly. The plaintiff in error contends, that Lucy G. Hull, by reason of her failure to record her

deed, had no title as against Horace Rivers and the Chatham Real Estate and Improvement Company; that, as against her and Henry H. Hull, both the holders of the recorded deeds to secure their debts had good title; that her judgment obtained in the city court did not serve to vest in Henry H. Hull any leviable interest, and therefore the sheriff's deed conveyed nothing; and that the only title Rivers had which he conveyed to Bacon, the plaintiff, was a title under his security deed, subject to Hull's right of redemption. The reply to this is, that, as against the maker of the security deeds, the grantee and holder of the unrecorded deed would get a good title. And it appearing that the debt to the Chatham Real Estate and Improvement Company has been subsequently paid, and that the purchaser at the sheriff's sale, Horace Rivers, was the owner of the other recorded deed, no one purchasing from Horace Rivers's vendee, other than the plaintiff, can prevail as against the plaintiff, who holds under Rivers, unless it be some innocent purchaser for value, without notice, holding under him prior to plaintiff's title, which does not appear. The record of a deed is not essential in order to convey title as between the parties to the contract. Civil Code, § 3323. If the grantee fails to record his deed as authorized by the statute, he may lose his priority as to some subsequent purchaser for value and without notice of the prior unrecorded deed. While the statute requires deeds to secure debts to be recorded in the county where the land lies, it is expressly provided that such deeds, though unrecorded, shall be valid as against the person executing them, but are postponed to liens created or obtained, or purchases made, prior to the actual record of the deed or bill of sale, etc. Civil Code, § 3307. But in the instant case there is no contest between the subsequent deeds given to secure debts, which were recorded, and the prior unrecorded deed. If there were such contest, of course the recorded deeds would have priority, and the one unrecorded would have to yield to the recorded ones, provided the subsequent and duly recorded deeds were obtained by purchasers for value, without notice of the prior unrecorded deed. Since the recorded deeds in the case at bar have either been canceled or satisfied, and there is no contest between the two, and the unrecorded deed conveyed the title to the vendee therein, those holding under the sheriff's deed, pursuant to the foreclosure, would likewise get a good title under the facts of the present record.

The case of *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10), cited by the plaintiff in error, is not in conflict with the views above expressed. There was no contest in that case between two deeds. There the owner of certain land conveyed it to secure a debt. Subsequently another creditor obtained a judgment against the grantor in the security deed. The land was levied on and sold under an execution issued on this judgment. The sheriff's deed to the purchaser recited that the sale was made subject to certain named prior encumbrances. This court held, in that case, that a security deed conveyed the absolute title and left the grantor no interest in the land which was subject to levy and sale at the instance of a creditor whose judgment was obtained after the execution of the deed. But in the instant case, when Henry H. Hull executed his deed to his wife, Lucy G. Hull, she received the legal title, although the deed was not recorded. See *White* v. *Interstate B. & L. Asso.,* 106 *Ga.* 146, 148 (32 S. E. 26); *Deen* v. *Williams,* 128 *Ga.* 265 (57 S. E. 427); *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135, 141 (60 S. E. 836). As stated above, the Chatham Real Estate and Improvement Company and Horace Rivers are not contesting the right of Lucy G. Hull to foreclose her security deed against Henry H. Hull under the statute. And the legal title to the land being in her, subject to be postponed to the subsequently recorded deeds, it follows that when these were canceled by those having the authority to do so, or were owned by the grantor of the plaintiff, a purchaser at the sheriff's sale under the unrecorded deed took a legal title in the land, not subject to any superior title disclosed by the record. The court did not, therefore, err in finding for the plaintiff and in decreeing the specific performance prayed for.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*