### HEAD et al. v. HEAD.

1. The allegations of fact in the petition as amended are insufficient to support the conclusions alleged therein, or to justify the prayers of the plaintiffs. Rights of the petitioners are entirely dependent upon and can not exceed the rights of their father. From the allegations of the petition, the petitioners' father was in pari delicto in the execution of the deed upon which it is now sought to impress a trust.

2. The court did not err in sustaining the general demurrer and dismissing the petition.

No. 5261.   October 18, 1926.   Rehearing denied February 19, 1927.

Equitable petition. Before Judge Humphries. Fulton superior court. December 28, 1925.

*C. E. Moore* and *St. Clair Gibbs,* for plaintiffs.

*H. W. McLarty,* for defendant.

Russell, C. J. This was a petition to cancel a deed, which by amendment was so changed as to ask that the deed first referred to be impressed with a trust in favor of the minors who were alleged to be heirs at law of the grantor in such deed. It was alleged that Joseph Head (petitioners' father) was arrested and placed in jail in the year 1913, charged with the offense of attempted arson. The warrant was sworn out by Walter Leathers. While Head was in jail Leathers proposed that if he would execute a deed to the property now in dispute to Mary Elizabeth Head (the wife of the accused and daughter of the prosecutor), he would withdraw the criminal warrant and the prosecution would be dropped. Acting under the duress thus brought about by Leathers, and solely in consideration of the settlement of the criminal warrant, the deed in question was executed on September 13, 1913. Joseph Head died in 1918, leaving as his only issue Joseph Head

Cancellation of Instruments, 9 C. J. p. 1220, n. 28; p. 1221, n. 39.
Contracts, 13 C. J. p. 493, n. 18.
Pleading, 31 Cyc. p. 78, n. 95.

and Guy Head, minors, who were represented by Mose Head as their next friend. The defendant demurred to the petition, insisting, among other grounds, upon the fact that there was no allegation that the defendant, Mary Elizabeth Head, had any knowledge of the fraud or duress alleged. Thereupon the petition was so amended as to charge that the criminal warrant was sworn out by Leathers at the instance of the defendant and for the purpose of causing Joseph Head to be incarcerated and illegally using the imprisonment thus brought about to defraud said Joseph Head of his property. The prayer for cancellation was stricken; and in lieu thereof petitioners prayed that the property embraced in the deed be declared to be impressed with an implied trust in favor of the grantor and his heirs at law.

It will be noted that the grantor, Joseph Head, lived nearly a year after the statute of limitations had barred prosecution for the felony with which he had been charged and for which he had been arrested and imprisoned. He made no complaint, of the transaction. It will be further noted that there is no allegation that Joseph Head was innocent of the alleged offense. In the absence of such an allegation, construing the petition most strongly against the pleaders, Joseph Head consented to the compounding of a felony and was in pari delicto with Leathers and the grantee in the deed. *Deen* v. *Williams,* 128 *Ga.* 265 (3) (57 S. E. 427). In such a case neither law nor equity will afford relief. As said by McCay, J., in *Southern Express Co.* v. *Duffey,* 48 *Ga.* 358, "If the agreement to release a man under arrest and stop that proceeding is not an attempt to suppress a prosecution, we are at loss to put a state of facts that does make a case within the rule." Under the doctrine referred to in *Cronic* v. *Smith,* 96 *Ga.* 794 (22 S. E. 915), and similar cases, Joseph Head could not have recovered the property in question, and the rights of his heirs at law can not exceed his.

*Judgment affirmed. All the Justices concur.*