GORMLEY, superintendent of banks, *v.* BRAZIL.

No. 10181. FEBRUARY 19, 1935.

*E. T. Moon,* for plaintiff.

*L. L. Meadors* and *Loeb C. Ketzky,* for defendant.

ATKINSON, Justice. In an action of complaint for land the plaintiff introduced evidence which, though not entirely clear, yet, when considered in connection with allegations in the answer (equivalent to admissions), tended to show that the bank for whom the plaintiff sued entered possession of the land in 1929 under a duly recorded deed executed by the Hogansville Furniture Company, a firm composed of J. E. and B. O. Askew, and continued such possession until the year 1931; also that the defendant claimed title and entered possession in virtue of an alleged void tax deed executed in February, 1931, in pursuance of a sale as property of the Hogansville Furniture Company for municipal taxes. Neither the tax deed nor the tax fi. fa. was introduced in evidence.

Where in ejectment both parties claim under a common grantor, it is not necessary for plaintiff "to show title back of such common grantor." Code of 1910, § 5582; Code of 1933, § 33-101; *Deen* v. *Williams,* 128 *Ga.* 265 (57 S. E. 427). "A plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." Code of 1910, § 5586; Code of 1933, § 33-102. Applying these principles, the plaintiff made out a prima facie case; and consequently the judge erred at the conclusion of plaintiff's evidence in directing a verdict for the defendant, and in overruling the plaintiff's motion for a new trial. *Judgment reversed. All the Justices concur.*