### 22230. MINOR v. GEORGIA KRAFT COMPANY.

MOBLEY, Justice. 1. "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." *Code* § 29-401. "Deeds, mortgages, and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office." *Code* § 67-2501. These sections are to be construed together, and do not apply in a contest between deeds unless the junior grantee is a bona fide purchaser for value. *Deen v. Williams*, 128 Ga. 265, 266 (2) (57 SE 427); *Byrd v. Aspinwall*, 108 Ga. 1 (1) (33 SE 688); and see *Toole v. Toole*, 107 Ga. 472 (1) (33 SE 686). The specific holding of the *Deen* case was that plaintiff, who had a valid deed to the premises in dispute from a common grantor based upon a valuable consideration and of older date than defendant's deed but recorded after defendant's deed, would prevail over defendant, whose deed was not executed upon a valuable consideration. Accordingly, where, as here, in a contest between plaintiff and defendant as to title to certain de-

scribed land, each claiming under a deed from a common grantor, the deed under which defendant claims having been given for a valuable consideration and executed prior to the deed under which plaintiff claims but recorded after plaintiff's deed, the deed under which plaintiff claims reciting a consideration of love and affection (grantees therein being the son and daughter of the grantor), the defendant's deed has priority over the plaintiff's deed.

2. Since plaintiff relied solely upon the priority of the deed under which he held over that under which defendant held to support his action for recovery of the land and damages for timber cut therefrom, the trial court properly directed a verdict for defendant and did not err in overruling plaintiff's motion for new trial and in denying his motion for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1963—DECIDED NOVEMBER 7, 1963.

*W. B. Mitchell,* for plaintiff in error.

*Anderson, Walker & Reichert, David A. Handley,* contra.

