### 24369. PRICE v. WATTS et al.

NICHOLS, Justice. The present action is one to have a deed to secure debt canceled of record as to the plaintiff and thus remove a cloud from his title to the property described. The allegations of the plaintiff's petition show that on June 15, 1964, the defendants sold described property to Mrs. Katherine B. Hamilton. On April 21, 1965, Mrs. Hamilton sold the same property to the plaintiff and the transfer was recorded on April 30, 1965. Thereafter, on July 19, 1965, the defendants had recorded a deed to secure debt (dated June 15, 1964) from Mrs. Hamilton to the defendants which had been executed contemporaneously with the deeds from the defendants to Mrs. Hamilton. After the defendants' answer was filed the plaintiff filed a motion for a summary judgment based upon the pleadings and supported by depositions of the plaintiff and the defendant Mrs. Watts. After the petition was filed one of the defendants, W. P. Watts, died and his executrix, the other defendant, was made a party in her representative capacity as well as in her individual capacity. The trial court overruled the plaintiff's motion for summary judgment and it is from this judgment that the plaintiff appeals. *Held:*

1. " 'Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first.' *Code* § 29-401. 'Deeds, mortgages, and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for

record in the clerk's office.' *Code* § 67-2501. These sections are to be construed together, and do not apply in a contest between deeds unless the junior grantee is a bona fide purchaser for value. *Deen v. Williams,* 128 Ga. 265, 266 (2) (57 SE 427) ; *Byrd v. Aspinwall,* 108 Ga. 1 (1) (33 SE 688) ; and see *Toole v. Toole,* 107 Ga. 472 (1) (33 SE 686)." *Minor v. Georgia Kraft Co.,* 219 Ga. 434 (134 SE2d 19).

The record shows without dispute that the plaintiff was the holder of a junior recorded deed obtained for a valuable consideration from the parties' common grantor and the defendants' deed was a senior deed which was not recorded until after the plaintiff's deed was recorded. Thus the case falls within the above quoted law and the plaintiff's motion for summary judgment should have been granted unless there was evidence to disclose that the plaintiff had knowledge of the senior deed at the time he purchased and paid a valuable consideration for the property, thus making a jury question as to such issue.

2. "Any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed. And a younger deed, taken with such notice, acquires no preference by being recorded in due time." *Gardner v. Granniss,* 57 Ga. 539, 541. The deposition of the defendant Mrs. Watts showed that the plaintiff was notified before he purchased the property that the purchase money owed the defendants was unpaid and thus a jury question was made as to whether the plaintiff had sufficient notice to put him on inquiry as to the unrecorded deed to secure debt.

3. The deposition of the defendant Mrs. Watts was not so vague, equivocal or contradictory as to demand that it be construed most strongly against her.

4. The trial court did not err in overruling the plaintiff's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1967—DECIDED NOVEMBER 22, 1967.

*Greene, Buckley, DeRieux, Moore & Jones, John D. Jones, C. Richard McQueen, H. Thaxton Monk, Jr., Ray Vizethann,* for appellants.

*Perren & Lane, W. Robert Lane,* for appellees.