## 54626. HORTON v. CITY OF MACON.

WEBB, Judge.

Rev. Eugene Horton, Jr. brought suit against the City of Macon to recover damages allegedly caused by a nuisance maintained by the city. Upon the trial of the case, the jury awarded Horton $7,000 damages. The city moved for judgment notwithstanding the verdict and for a new trial; and the trial judge granted both motions. Horton appeals the grant of judgment notwithstanding the verdict, and in the alternative, the grant of a new trial.

The evidence shows that in the summer of 1975, Horton was injured when he backed into a sewer cover which was part of the sewer system maintained by the city. Horton had been cutting grass in his neighbor's yard when a swarm of bees flew toward him. He backed away from the bees, and as he did so, he fell partially into the sewer and sustained multiple injuries.

Horton alleges that he fell into the sewer due to the defective condition of the sewer cover. He further maintains that the cover had been broken for at least one month prior to this incident; and that the city had notice of this dangerous situation but had failed to remedy same.

The evidence shows that in June, 1973, the storm

sewer cover broke approximately in half. One-half of the cover fell into the sewer, leaving the sewer partially uncovered. Mrs. Durham, in whose yard the cover was located, reported this condition to the city. No action was taken by the city until the summer of 1974 upon the third report by Mrs. Durham. The city then put the broken portion of the sewer cover, which had fallen into the sewer, back in place.

Another witness testified that in the summer of 1975, approximately one month before the incident here involved, he observed the sewer cover. At that time, one-half of the cover had again fallen into the sewer, leaving the sewer partially uncovered. This witness further testified that he called the city to report the defect and that no action was taken to remedy the dangerous condition until *after* claimant's injury.

1. We previously ruled in effect that the absence of a pleading that ante litem notice of the claim had been given to the city, as required by Code Ann. § 69-308, was fatal to the claimant's action. The absence of such notice was never asserted in the court below, by defense pleadings or otherwise, and was not made an issue until this appeal. While the notice cannot be waived by the city authorities (*City of Calhoun v. Holland,* 222 Ga. 817, 819 (152 SE2d 752) (1966)), and is a condition precedent to recovery (*Thompson v. City of Atlanta,* 219 Ga. 190, 191 (1) (132 SE2d 188) (1963)), the City of Macon by its failure to raise the issue below cannot now take advantage of the failure of the claimant to plead compliance with Code Ann. § 69-308. We will not on appeal decide an issue not raised in or passed on by the trial court. *NAACP v. Overstreet,* 221 Ga. 16, 30 (142 SE2d 816) (1965);*Freeman v. City of Valdosta,* 119 Ga. App. 345, 347 (167 SE2d 170) (1969). Consequently, upon reconsideration we have vacated our earlier opinion.

2. Horton contends that the trial judge erred in granting the city's motion for judgment notwithstanding the verdict. He contends that the evidence does not demand a finding for the city, and accordingly, the court erred in granting judgment notwithstanding the jury verdict. The standard for granting a judgment not-withstanding the verdict is the same as that for the

granting of a directed verdict; and a verdict should not be set aside where the evidence construed in favor of the verdict supports it, however slightly. See *Womack v. St. Joseph's Hospital, Inc.,* 131 Ga. App. 63 (2) (205 SE2d 72) (1974).

Facts may be proved by circumstantial evidence as well as direct evidence. *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465 (2) (136 SE2d 525) (1964), affd. 220 Ga. 354 (138 SE2d 886) (1964). Although there was no direct evidence that the sewer was uncovered at the time of Horton's fall, there was circumstantial evidence which would support such a finding. Since the evidence showed that no action was taken to correct the defect, although known to the city, until after appellant's fall, the jury could have found that the sewer remained partially open at the time of appellant's fall.

Further, the evidence presented a question of fact for the jury to resolve as to whether the sewer, partially open and environed as it was, was such a nuisance that the city should have reasonably anticipated the consequences of its inaction after notice of the defective condition. See generally *Bailey v. Dunaway,* 8 Ga. App. 713 (70 SE 141) (1911). The jury would have been authorized to resolve this question of fact in favor of Horton and to find that the open sewer did constitute a nuisance such that the city could reasonably anticipate the consequences of its inaction.

Finally, the evidence would support a finding that the city had knowledge of a dangerous condition created by a defect and that the city continued its maintenance thereof; that the dangerous situation was continuing in nature; and that it constituted a nuisance. Knowledge of a dangerous situation created by a defect and failure to repair the defect within a reasonable time would amount to a nuisance. See *Hutcheson v. City of Jesup,* 132 Ga. App. 84, 87 (3) (207 SE2d 547) (1974). "A municipality like any other individual or private corporation may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or a ministerial function. [Cits.]" *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 837 (165 SE2d 141) (1968).

Construing the evidence in favor of the verdict, we conclude that the evidence, however slight, was sufficient to support a verdict in favor of Horton. Accordingly, the trial judge erred in granting judgment for appellee notwithstanding the jury verdict.

3. The trial judge further ordered that if the judgment notwithstanding the verdict were reversed on appeal, then a new trial should be granted the City of Macon in that the verdict was contrary to the weight of the evidence, contrary to law, and decidedly and strongly against the weight of the evidence. The first grant of a new trial on the general grounds will not be disturbed unless it is shown that the trial court abused its discretion in granting it *and that a verdict for the party opposing the motion was demanded. Speer v. Gemco Elevator Co.,* 134 Ga. App. 360 (214 SE2d 425) (1975). The evidence certainly did not demand a verdict for Horton; thus, we do not find that the trial court abused its discretion in granting a new trial to the city.

*Judgment granting judgment notwithstanding the verdict reversed; grant of a new trial affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED DECEMBER 16, 1977.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellant.

*McKenna, House, Lancaster & Green, Doye E. Green,* for appellee.