## 32990. JEANES v. MOORE et al.

UNDERCOFLER, Presiding Justice.

This is an appeal from the grant of summary judgment in an action brought by Jeanes, holder of a senior *unrecorded* security deed, to establish its priority over a junior *recorded* security deed by appellees, Williams Brothers Lumber Company and Williams Brothers Concrete Company. In addition to allegations of fraud, Jeanes claims Williams Brothers had sufficient notice to put them upon serious inquiry as to the existence of the prior deed and therefore were not bona fide purchasers for value without notice so as to give them a priority interest superior to his own as provided in Code Ann. § 67-1305 (Ga. L. 1884-5, p. 124; 1931, p. 153). We reverse.

Jeanes sold his interest in Walt Jeanes Trucking Company including property on Sullivan Road in DeKalb County, to M. J. Moore Builders, Inc., in 1971. He secured the sale by taking a note and purchase money security deed. M. J. Moore personally guaranteed the note. Robert Hunt, credit manager for Moore, prepared these documents for Jeanes. Through oversight or mistake, Jeanes failed to record this security deed pursuant to Code Ann. § 67-1305, supra. In 1975, Moore executed a security deed to the Williams Brothers companies to secure pre-existing indebtedness for materials and supplies. The deed was properly recorded. Later that year, Moore Builders filed bankruptcy. Jeanes became aware that his deed was not recorded, and he filed it of record on June 2, 1975. He then commenced this action to establish his deed as superior to that of Williams Brothers and to seek damages against these parties for fraud. He also amended his petition to join to this action a separate suit on the note brought against Moore personally in state court. After hearing argument and a review of the petitions, interrogatories, admission and depositions, the trial court granted defendants' motion for summary judgment to all parties except M. J. Moore.

"Any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior

unrecorded deed. And a younger deed, taken with such notice, acquires no preference by being recorded in due time." *Price v. Watts,* 223 Ga. 805 (2) (158 SE2d 406) (1967); Code Ann. § 67-1305. See Pindar, Ga. Real Estate Law, § 21-18, n. 86.

The depositions of R. Wendell Williams, Vice President for Finance and Credit and Gerald Holloman, Credit Manager, of the Williams Brothers companies, show they were notified in three Dunn & Bradstreet reports (Exhibits p-9, p-10, p-11), received prior to the execution of the security deed with Moore, that M. J. Moore Builders, Inc., had purchased "Watt Jeanes Trucking Service" for $225,000 on October 14, 1971. Holloman deposed he also demanded and received from Robert Hunt a current financial statement and lists of all properties owned by Moore. He stated he had taken over a "thousand" such deeds to secure accounts and he wanted these documents to analyze Moore's holdings so the necessary security could be obtained. The financial statement listed the Sullivan Road property, he stated further, though he could not "remember" what liabilities showed against it. Moore gave two lists of properties owned. All of these properties were residential except the Sullivan Road property. Finally, Holloman stated he sat down with Robert Hunt and reviewed all encumbrances, security deeds and liens against each piece of property. Considering these facts and many others in this record, we think it clear a jury question arises as to whether these and other facts and circumstances were sufficient to place appellees fully on guard and induce serious inquiry as to the existence of the unrecorded deed.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 22, 1977 — DECIDED JANUARY 4, 1978.

*J. C. Rary, Robert P. Hoyt,* for appellant.

*Benefield, Brown & Taylor, James Harold Brown,* for appellees.