## A06A1660. PAGE v. WILL McKNIGHT CONSTRUCTION, INC.
### (639 SE2d 381)

SMITH, Presiding Judge.

After a landowner granted two different deeds to secure debt on the same property to Mount Vernon Bank and Will McKnight Construction, Inc., McKnight brought a declaratory action to settle the priority of its deed over that of the bank's successor-in-interest, Melanie Page. A jury found that McKnight had actual notice of the bank's defectively recorded deed and that McKnight had not made adequate inquiry concerning it. After the trial court entered judgment in Page's favor, McKnight moved for judgment notwithstanding the verdict or, in the alternative, for new trial. The trial court granted the motion for j.n.o.v. and stated that the motion for new trial would be granted if the j.n.o.v. was reversed or vacated. Because we hold that a question of fact existed as to McKnight's notice of the prior deed, we reverse the grant of j.n.o.v. but affirm the grant of a new trial.

The record shows that Jerry Wade Page owned a tract of approximately one-half acre of land located on Main Street, Vidalia, Toombs County. On February 5, 2003, Page's company, Hi-Performance Contracting, Inc., conveyed a deed to secure debt on the Main Street property to Mount Vernon Bank. Page signed the deed both individually and as president of Hi-Performance. This deed was recorded in the Toombs County grantor index on February 20, 2003, but only under the name of Hi-Performance and not under Page's own name.

On September 17, 2003, Page faxed a letter and attachments to McKnight in connection with a loan he was seeking. The letter described the attachments as "a brief overview of the property which I own," and also stated: "After monies owed there is a positive balance of $431,000." The first page of the attachment (a) listed three properties, including the Main Street property, and the value of each; (b) rendered a total value for the three properties of $423,000; (c) totaled the indebtedness concerning these three properties at $200,599, owed to Mount Vernon Bank; and (d) listed a fourth property and the money owed on it to the same bank. A legal description of the Main Street property was also attached to the letter. At trial, Page testified that he talked about his holdings and indebtedness with McKnight both before and after sending the fax of September 17. McKnight testified, however, that he did not recall receiving the fax, and that Page had told him that McKnight Construction would be the first lienholder on the property. When McKnight's attorney searched the title, he found that the Main Street property was unencumbered.

On October 9, 2003, Page conveyed a deed to secure debt on the Main Street property to McKnight Construction, which was recorded on October 21, 2003. Page later defaulted on his obligations to Mount

Vernon Bank's successor in interest, Melanie Page, as well as Mc-Knight Construction. After both parties attempted to foreclose, Mc-Knight brought a declaratory action concerning the Main Street property, Page responded, and a trial was held. At the close of evidence, McKnight moved for a directed verdict on the ground that because the recordation of the deed was so defective as to provide no notice under OCGA § 44-14-39, he could not be required to make more inquiry than he did. The trial court denied the motion. The jury then returned a special verdict finding that McKnight had notice of the deed on the Main Street property and had not made adequate inquiry concerning it. After this verdict, the trial court entered judgment in favor of Melanie Page and enjoined McKnight from foreclosing on the property.

McKnight then moved for j.n.o.v. or for a new trial on the same grounds urged in his motion for directed verdict. The trial court granted the motion for j.n.o.v. The trial court also specified that in the event the j.n.o.v. was reversed or vacated, McKnight's motion for new trial would be granted because the jury's verdict was "contrary to the weight of the evidence and to the principles of justice and equity."

1. Page argues that the trial court erred when it granted Mc-Knight's motion for j.n.o.v. We agree.

"The standard for granting a [j.n.o.v.] is the same as that for the granting of a directed verdict; and a verdict will not be set aside where the evidence construed in favor of the verdict supports it, however slightly. [Cit.]" *Horton v. City of Macon*, 144 Ga. App. 380, 381-382 (2) (241 SE2d 311) (1977).

Under longstanding Georgia law, a purchaser who has actual notice of a prior instrument does not have priority over a subsequent purchaser, even if that prior instrument is unrecorded or defectively recorded. "Any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed. And a younger deed, taken with such notice, acquires no preference by being recorded in due time." *Gardner v. Granniss*, 57 Ga. 539, 541, hn. 10 (1876); see also *Price v. Watts*, 223 Ga. 805, 806 (2) (158 SE2d 406) (1967).

Here, the fax of September 17 allowed a reasonable inference that the Main Street property was subject to an encumbrance. Page also testified that he told McKnight about the lien on this property. This evidence raised the factual question submitted to the jury — that is, whether McKnight had actual notice of the encumbrance on the Main Street property. That the deed at issue was not properly recorded has no bearing on the question of McKnight's actual notice of it. The trial court therefore erred when it granted McKnight's motion for j.n.o.v. *Price*, supra, 223 Ga. at 806 (affirming denial of

summary judgment when question of fact existed concerning plaintiff buyer's notice of unrecorded deed to secure debt); *Horton,* supra, 144 Ga. App. at 383 (2) (reversing grant of j.n.o.v. where slight evidence was sufficient to support verdict).

2. Finally, Page argues that the trial court abused its discretion when it granted McKnight's motion for new trial. We disagree.

The trial court's order granting a new trial used the language of OCGA § 5-5-20: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." We have interpreted this to mean that in the absence of legal error,

> the trial judge is vested with the strongest of discretions to review the case and to set the verdict aside if he is not satisfied with it. Indeed the trial judge oftentimes is spoken of as being the thirteenth juror. Until his approval is given the verdict is not binding. . . . [T]he first grant of a new trial to either party is not to be reversed by an appellate court unless the verdict set aside by the trial court was absolutely demanded.

(Citations and footnotes omitted.) *Bhansali v. Moncada,* 275 Ga. App. 221, 222 (1) (620 SE2d 404) (2005). In determining whether the evidence so demands, we construe the evidence, together with all reasonable deductions and inferences therefrom, in favor of the *losing* party. Id.; compare *Smith v. Telecable of Columbus, Inc.,* 238 Ga. 559, 560 (234 SE2d 24) (1977) (when first grant of new trial is based on special ground involving question of law, trial court's order is reviewable on appeal).

Here, Page's fax of September 17 did not list an amount of indebtedness next to the entry concerning the Main Street property. Instead, it totaled the net worth of three different properties and then listed the total amount of indebtedness as to all three. McKnight testified that Page did not tell him that the Main Street property was subject to a lien, and McKnight's attorney testified that McKnight believed the property to be unencumbered.

Construed in favor of McKnight, the losing party at trial, we cannot say that this evidence absolutely demanded a verdict that McKnight had actual notice that the Main Street property was subject to a deed to secure debt. We therefore conclude that the trial court did not abuse its discretion when it granted a new trial on this question of fact. See *Bhansali,* supra, 275 Ga. App. at 226 (1); *Horton,* supra, 144 Ga. App. at 383 (3).

*Judgment affirmed in part and reversed in part. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 28, 2006.

*Malcolm F. Bryant, Jr.*, for appellant.
*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellee.