[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14615

_____

D. C. Docket No. 07-01128-CV-RLV-1
BKCY No. 06-06235-BKC-PW


IN RE:

SANTRICE HUNT,

                                                        Debtor.

_____

JANET G. WATTS,
Chapter 7 Trustee for the
estate of Santrice Hunt,

                                                        Plaintiff-Appellant,


                        versus


ARGENT MORTGAGE COMPANY, LLC,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 18, 2008)

Before TJOFLAT and MARCUS, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

Appellant, the Chapter 7 trustee of the debtor's estate, seeks to avoid two security deeds the debtor gave appellee Argent Mortgage Company, LLC, on the ground that the security interests were made within 90 days of the filing of the debtor's bankruptcy case and are therefore avoidable under 11 U.S.C. § 547(b)(4)(A). The district court, affirming the decision of the bankruptcy court, denied the trustee's claim, holding that the security deeds were perfected prior to the commencement of the 90-day reachback period. The trustee now appeals. We affirm.

## I.

On July 8, 2004, debtor Santrice Hunt purchased a house from Bellwood Homes. At closing, Bellwood gave her a warranty deed to the property, and she, in turn, executed and gave Argent two notes and two security deeds. On July 14, 2004, with the proceeds from the loan secured by the security deeds, Bellwood paid off its construction money lender and obtained the cancellation of the security deed the lender was holding on the property. The cancellation of Bellwood's

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

lender's security deed was recorded on August 15.  One of the security deeds Hunt

gave Argent was recorded on August 19; the other security deed and Bellwood's

warranty deed to Hunt were recorded on September 22.  On October 18, 2004,

Hunt petitioned the bankruptcy court for Chapter 7 relief.  The 90th day before

Hunt filed her petition was July 20, 2004.

## II.

Section 547(b)(4)(A) of Title 11 of the United States Code allows a trustee

to avoid "any transfer of an interest of the debtor in property. . .made. . .on or

within 90 days before the date of the filing of the petition."  When a transfer is

"made" depends on when it is perfected.  As of the time of the transfers at issue, if

the transfer was perfected at or within 10 days after the time the exchange took

effect, the transfer was considered to have been made when it occurred.[1]  11

U.S.C. § 547(e)(2)(A) (2000).  If the transfer was perfected more than 10 days

after the exchange, the transfer was considered as made when it was perfected.  11

U.S.C. § 547(e)(2)(B) (2000).  A transfer is perfected

---

[1] However, "[t]he trustee may not avoid under this section a transfer . . . that creates a security interest in property acquired by the debtor . . . that is perfected on or before 20 days after the debtor receives possession of such property."  11 U.S.C. § 547(c)(3)(B) (2000).
    In 2005, Congress amended §§ 547(e)(2)(A) and (B) to provide for a 30-day, rather than a 10-day period for perfecting a transfer in order to determine when such transfer is deemed to have been made.  Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 403, 119 Stat. 23, 104 (2005).  Likewise, Congress has since replaced the 20-day provision in § 547(c)(3)(B) with a 30-day period.  Id. § 1222, 119 Stat. at 196.

3

when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee.

11 U.S.C. § 547(e)(1)(A).[2]

We look to the law of Georgia, the state where the property is located, to determine if a hypothetical bona fide purchaser should have notice that it could not acquire an interest superior to that of the transferee. In re Hedrick, 524 F.3d 1175, 1181 (11th Cir. 2008); Corn Exch. Nat'l Bank & Trust Co., Philadelphia v. Klauder, 318 U.S. 434, 436-37, 63 S. Ct. 679, 681, 87 L. Ed. 884 (1943). Georgia recognizes inquiry notice, which imputes knowledge of an earlier interest to a later purchaser, if there is "[a]ny circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry." In re Hedrick, 524 F.3d at 1183 (quoting Page v. Will McKnight Constr., Inc., 639 S.E.2d 381, 383 (Ga. Ct. App. 2006)). This concept is codified in O.C.G.A. § 23-1-17: "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led."

Here, by July 14, 2004 – i.e. prior to the 90-day reachback period – a hypothetical bona fide purchaser would have found record title in Bellwood and Hunt's possession of the property. This was sufficient to excite attention and

---

[2] Section 547(e)(1)(A) currently remains in effect, unamended.

trigger a duty of inquiry on the part of the hypothetical purchaser. Such inquiry would have revealed that Hunt purchased the property and delivered two security deeds to Argent as collateral for Argent's provision of the purchase proceeds. The hypothetical purchaser would also have found that Bellwood had paid its lender and received an as-yet unrecorded cancellation of its lender's security deed. See In re Hedrick, 524 F.3d at 1184 (holding that mortgage company's security deed was perfected as soon as the previous security deedholders received checks paying off the debtor's debts to them).

Because the hypothetical bona fide purchaser would be deemed to have notice of Argent's security deeds, Argent would have an interest superior to that of the purchaser. See Page, 639 S.E.2d at 383 ("Under longstanding Georgia law, a purchaser who has actual notice of a prior instrument does not have priority over a subsequent purchaser, even if that prior instrument is unrecorded or defectively recorded.") Thus, Argent's security deeds were perfected from July 14, 2004, the date a bona fide purchaser would have had such notice. Because the date of perfection was within 10 days of the date of the transfer of property, the transfer was "made" on the date it took effect, July 8, 2004. 11 U.S.C. § 547(e)(2)(A) (2000). Accordingly, the transfer was made before the 90-day reachback period

5

commenced on July 20, 2004, and the trustee may not avoid the deeds under section 547(b)(4)(A).

The judgment of the district court is, accordingly,

AFFIRMED.